UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80719-CIV-MARRA

JUDITH HANNES and
STEVAN HANNES,

    Plaintiffs,

vs.

CONFERENCE ON JEWISH MATERIAL
CLAIMS AGAINST GERMANY, INC. a/k/a
JEWISH CLAIMS CONFERENCE,

    Defendant.
_____/

### OPINION AND ORDER DISMISSING CASE WITH LEAVE TO AMEND

This cause is before the Court sua sponte.

On June 22, 2011, Plaintiffs filed their complaint alleging claims for unjust enrichment and breach of fiduciary duty and seeking a constructive trust in their favor. (DE 1). "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of So. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte). Accordingly, the Court's subject-matter jurisdiction may be raised sua sponte. See Am. Tobacco, 168 F.3d at 410.

Although the complaint does not contain any specific allegations regarding the basis for federal jurisdiction, it appears that Plaintiffs attempt to bring this action in federal court under diversity jurisdiction.  In addition to alleging diversity of citizenship between all plaintiffs and all defendants, to assert a basis for diversity jurisdiction Plaintiffs must also allege that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  Here, Plaintiffs allege that "[t]his is an action for damages in excess of $50,000.00 exclusive of costs, interest and attorney's fees."  Compl ¶ 1.  Accordingly, the Complaint does not allege the requisite amount in controversy and therefore, based on this complaint, the Court cannot satisfy itself that diversity jurisdiction exists.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiffs wishes to proceed with their claim, they may amend their complaint to allege facts showing that they are each diverse from Defendant and that the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332.  Plaintiffs are given thirty (30) days from the date of this order to file an amended complaint, if they choose to do so.  Alternatively, Plaintiffs may bring their claims in a Florida State court, where they may assert their common-law claims without meeting the requirements of federal diversity jurisdiction.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July, 2011.

_____
KENNETH A. MARRA
United States District Judge